IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| HOLLY ROSS, § | | |
|     PLAINTIFF § | | |
| § | | |
| VS. § | | CIVIL ACTION NO. 5:23-310 |
| § | | |
| AMICA MUTUAL § | | JURY DEMANDED |
| INSURANCE § | | |
| COMPANY, § | | |
|     DEFENDANT § | | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**HOLLY ROSS** files her Original Complaint against **AMICA MUTUAL INSURANCE COMPANY** and respectfully shows as follows:

## PARTIES

1. Plaintiff HOLLY ROSS resides in Texas.

2. Defendant **AMICA MUTUAL INSURANCE COMPANY** (Defendant "Amica Mutual") is a duly incorporated insurance company, authorized to do business in and doing business in the State of Texas. Defendant's principal place of business is in Rhode Island. It may be served with citation by serving its registered agent in Texas: Amy Lund, 2150 Town Square Pl, Ste #600, Sugarland, Texas 77479-1643.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a). All parties to this suit are citizens of different states and the amount in controversy exceeds $75,001.00, exclusive of interest and costs over this matter because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

4. Venue in the Western District is proper because all or a substantial part of the events or omissions giving rise to the claims occurred in Comal County, Texas, located within this federal district.

## CONDITIONS PRECEDENT

5. Plaintiff asserts that all conditions precedent to the bringing of these causes of action have been performed or have occurred prior to the filing of the causes of action at bar.

6. At all relevant times, Plaintiff was insured under an automobile insurance policy with Defendant.

7. Plaintiff has complied with the terms and conditions of the policy prior to bringing this action.

8. At the time of trial of this matter Plaintiff will offer into evidence a copy of said policy, unless the original of the same is produced

by Defendant at said trial.

9. Plaintiff presented claims for PIP benefits under the contract of insurance with Defendant.

10. Defendant wrongfully denied the claims, failed to timely make a fair offer upon Plaintiff's demand and/or pay the claim; failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement; and has continued to refuse to pay the PIP benefits owed.

11. Plaintiff pleads that all condition precedents to filing suit have been complied with, including the statutory notice provision.

## FACTS

12. On or about December 16, 2020, Plaintiff was traveling on the 2200 block of Hwy 46 West, New Braunfels, Texas, when Glenn Ray Grimm, an underinsured driver, crashed into the vehicle in which Plaintiff was traveling.

13. The underinsured driver committed acts of negligence and carelessness that proximately caused Plaintiff's injuries and damages.

14. Plaintiff's insurance policy covers personal injury damages sustained because of an underinsured driver's negligence.

15. In addition, Plaintiff requested payment of PIP benefits and

provided supporting medical records and bills, along with other documentation of covered losses.

16. The bills were for medical treatment Plaintiff received as a proximate result of the crash on December 16, 2020.

17. Defendant has not tendered payments for the total losses sustained because of the crash.

## COUNT ONE: BREACH OF CONTRACT (FOR PIP BENEFITS)

18. Defendant promised to pay Personal Injury Protection benefits to Plaintiff.

19. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay Plaintiff's Personal Injury Protection benefits.

20. Defendant's breach caused damages (*e.g.*, the difference between the amount of benefits Defendant paid and the amount of benefits Defendant owed).

## COUNT 2: CLAIM FOR UNDERINSURED BENEFITS

21. Plaintiff is a "covered person" under the relevant policy.

22. Grimm was an underinsured driver when he crashed into Plaintiff.

23. Plaintiff is entitled to underinsured motorist benefits under

the relevant policy for personal injuries Plaintiff sustained in the crash because of Grimm's negligence.

## COUNT 3: INSURANCE CODE VIOLATIONS (PIP BENEFITS)

24. Plaintiff made PIP demands on January 29, 2021; July 12, 2021; and February 8, 2021.

25. Amica is liable for the amounts demanded and failed to promptly pay the amounts.

### A. Failure to promptly pay PIP benefits.

26. Amica's conduct violated Section 542.058(a) of the Texas Insurance Code.

27. Plaintiff seeks the full amounts of her PIP claims, along with interest of 18% per annum and attorney's fees.

### B. Unfair settlement practices (PIP claims only).

28. Plaintiff timely and properly notified Defendant of the crash and Defendant possesses the relevant documentation of Plaintiff's losses.

29. Defendant engaged in the following unfair claim settlement practices:

    a. Misrepresenting a material fact or policy provision relating to the coverage at issue. TEX. INS. CODE §541.060(a)(1). Defendant misrepresented (among other things) that: (1) Plaintiff's policy did not afford coverage

        for some parts of Plaintiff's claims; (2) the amount of Plaintiff's medical bills was unreasonable; and (3) Plaintiff's treatment was not medically necessary.

b.   Not attempting in good faith to bring about a prompt, fair, and equitable settlement of a claim once the insurer's liability becomes reasonably clear. TEX. INS. CODE §541.060(a)(2)(A). Instead of paying the amount of Plaintiff's valid PIP claims, Defendant hired and directed an outcome-oriented adjuster to pay fractions of Plaintiff's claims.

c.   Not promptly giving Plaintiff a reasonable explanation, based on the policy as it relates to the facts or applicable law, for Defendant's denial of a claim or offer of a compromise settlement of a claim. TEX. INS. CODE § 541.060(a)(3).

30.   Defendant knowingly committed the acts complained of. As such, Plaintiff is entitled to exemplary and/or treble damages and/or additional damages.

## COUNT 4: COMMON LAW BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING (PIP BENEFITS ONLY)

31.   From the time Plaintiff presented PIP claims to Defendant, Defendant's liability to pay the claims was reasonably clear.

32.   Defendant nonetheless refused to accept the claims and pay all benefits to the Plaintiff as the policies required.

33.   At that time, the Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear.

34.   Defendant failed to conduct a reasonable and proper

investigation of the claims and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biased reasons as subterfuges to avoid paying valid claims.

35. Defendant breached its duty to deal fairly and in good faith with Plaintiff.

36. Defendant's breach proximately caused the losses, expenses, and damages Plaintiff suffered as more specifically described in this Complaint.

## ATTORNEY'S FEES

37. As a result of Defendant's actions complained of in this Petition, Plaintiff was required to engage the services of Brylak & Associates, L.L.C. Plaintiff, therefore, seeks reimbursement of reasonable attorney's fees, inasmuch as Plaintiff has been required to employ the undersigned attorneys to file and prosecute this suit.

## JUDGMENT INTEREST

38. Plaintiff is also entitled to pre-judgment and post-judgment interest and costs of Court as allowed by law.

## DECLATORY JUDGMENT

39. Pursuant to the policies of insurance in force and effect applicable to Plaintiff at the time of the accident, Plaintiff seeks a declaratory judgment that:

    a. She is entitled to recover from Defendant damages resulting from the motor vehicle collision of on or about December 16, 2020.

    b. An under-insured's negligence proximately caused Plaintiff's injuries.

    c. Plaintiff's resulting damages fall within the coverage afforded her under the subject insurance policies.

    d. Specifies the amount of damages, attorney's fee and court costs that Defendant is obligated to pay.

## PLAINTIFF'S DAMAGES

40. Plaintiff sustained the following damages as a direct and proximate result of the underinsured driver's negligence:

    a. physical pain and suffering in the past;

    b. physical pain and suffering in the future;

    c. mental anguish in the past;

    d. mental anguish in the future;

    e. physical impairment in the past;

    f. physical impairment in the future;

    g. medical expenses in the past;

      h.    medical expenses in the future.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer, and that, after trial, Plaintiff have judgment against Defendant for:

1. a judgment for all of Plaintiff's actual damages:

   a. physical pain and suffering in the past;
   b. physical pain and suffering in the future;
   c. mental anguish in the past;
   d. mental anguish in the future;
   e. physical impairment in the past;
   f. physical impairment in the future;
   g. medical expenses in the past;
   h. medical expenses in the future;
   i. loss of wage-earning capacity in the past;
   j. loss of wage-earning capacity in the future;
   k. the full amount of Plaintiff's PIP claims;

2. a judgment for all of Plaintiff's statutory damages;

3. attorney's fees;

4. declaratory relief as outlined in the Complaint;

5. cost of court; and

6. such other general relief to which Plaintiff may be entitled.

Respectfully submitted,

**BRYLAK & ASSOCIATES, L.L.C.**
15900 La Cantera Parkway, Suite 19245
San Antonio, Texas 78256
Tel: (210) 733-5533
Fax: (210) 558-4804


By: /s Michael Blanchard
**MICHAEL BLANCHARD**
State Bar No. 24036231
mblanchard@brylaklaw.com

*Attorney for Plaintiff*